447 So.2d 1242 (1984)
STATE of Louisiana
v.
Roger SILVA.
Nos. KA 1200, KA 1201.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
Rehearing Denied April 25, 1984.
Writ Denied June 8, 1984.
*1243 John E. Unsworth, Jr., New Orleans, for defendant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for the State.
Before REDMANN, C.J., and BARRY and WILLIAMS, JJ.
REDMANN, Chief Judge.
Defendant appeals his convictions for possession of ethinamate, La.R.S. 40:969, and for possession of a firearm by a convicted felon, R.S. 14:95.1. Defendant contends that the search of his residence that produced the items was illegal and that the proof was insufficient and that prejudicial but immaterial evidence was admitted at his trial on the firearm charge.

The Search
Although information from a confidential informant prompted their surveillance, the validity of the warrant rests firmly on the police officers' having personally witnessed what appeared to their experienced eyes to be two separate drug sales at the door of defendant's residence. The warrant was not issued on the basis of uncorroborated confidential information, and we therefore find no merit in defendant's complaints of the trial court's refusal to suppress and to order the state to give defendant the name of the informant (see State v. Davis, 411 So.2d 434 (La.1982)) and the police officer's notes concerning past reliable information obtained from the informant (thus not concerning the officer's eyewitness testimony) (see State v. Franks, 363 So.2d 518 (La.1978)).

The Trial
Defendant's basic argument is that he was not proved "to possess a firearm," R.S. 14:95.1, arguing that the circumstantial evidence did not exclude every reasonable hypothesis of his innocence.
Possession need only be constructive, State v. Day, 410 So.2d 741 (La.1982), and constructive possession exists if the thing is subject to the dominion and control of the accused, State v. Edwards, 354 So.2d 1322 (La.1978).
Of the three firearms found in defendant's residence, the jury convicted him of possession of only the first one. As to the other twoa .357 magnum and a .45 Colt there was evidence that the defendant's wife owned one and was pledgee of the other (and the jury's apparent conclusion that defendant did not "possess" those is not subject to review).
As to the firstalso a .357 magnumthe jury obviously disbelieved defendant's testimony (and that of his wife and a third person) that the third person rented defendant's child's room (decorated with *1244 "Star Wars" posters), and that the first firearm belonged to that third person (who had a notarized bill of sale, indicating that he was at least at one time the owner of that firearm). The trial-time testimony of that person's renting the child's room was inconsistent with defendant's wife's statement at the time of the search. She had then said that the occupants of the house were herself, her husband and their child; if in truth the third person had lived at the house "off and on" for two years (the third person said about a year), she would likely have remembered that at the time a pistol was found in the child's room. The third person's description of the materials in which the pistol was wrapped was also not consistent with the officer's testimony.
Accepting the jury's reasonable credibility evaluations, we observe that even if this is a circumstantial evidence case, we cannot conceive a reasonable hypothesis of defendant's innocence: the credible evidence establishes that three firearms were found in defendant's house, to all of which he had unimpeded access and in that sense dominion and control. We see no escape from the conclusion that he constructively possessed the firearm for possession of which he was convicted.
Defendant also complains of the admission of the bullets with which the three guns were loaded, arguing that they were prejudicial and not material to the charge. Defendant points out that the offense is possession by a felon of any firearm, loaded or not. We point out that the same is true of the firepower of the weapons seized: a .45 or a .357 magnum is considerably more menacing than a .22, and it may therefore be somewhat prejudicial for the jury to know that the firearm possessed is a .45 or a .357. The offense is possession by a felon of any firearm, whatever its caliber. But it was surely not error to introduce the firearms, and it is also not error to admit evidence of their condition, location etc. Like their caliber, their having been loaded is an added circumstance of defendant's possession, although not essential to the charge. Testimony that the firearms were loaded when seized was admitted without objection, and the showing of the bullets with which they were loaded to the jury was no more prejudicial than the testimony itself. It was not reversible error.
Affirmed.