CIACCIO, Judge.
Defendant Henry J. Oliver, Jr. was charged with and convicted of the theft of a vehicle valued in excess of $500.00. R.S. 14:67. He was sentenced to five years at hard labor, the sentence was suspended and he was placed on five years active probation, ordered to make restitution and to serve six months in Parish Prison. Defendant appeals his conviction and sentence *598 relying upon one assignment of error. We affirm his conviction and sentence.
On the afternoon of August 10, 1984 at approximately 3 p.m., Regina Carmon was driving her father’s four door maroon Buick Century. She stopped the vehicle in the vicinity of an auto parts store near the intersection of Harrison and Mirabeau Avenues. She was unable to remove the key from the ignition, so she left the key in the car and walked to a nearby phone. She thereafter noticed a black man, with a gold tooth wearing grey jogging shorts and a white polo shirt, as he climbed into her car. She returned to the car and struggled unsuccessfully with the man to secure possession of the car. The man then sped off in the car with Ms. Carmon pleading for help.
Two men, James and Larry Bournes, who were going to a nearby drug store, observed the incident and heard Ms. Car-mon’s cry for assistance. They began to follow the car for a distance until they observed it being driven into the St. Bernard Housing Project. The Bournes then summoned a policeman who was in the vicinity and advised him of what had occurred. The police took chase after the vehicle until it came to a stop after crashing into a parked truck. The driver of the car exited the vehicle and thereby eluded the police. He was later spotted by the two witnesses of the crime and he was apprehended by police. He had changed shirts but he wore the same jogging shorts. This defendant was identified by the victim and the two male witnesses as the one who had stolen the Buick Century belonging to Ms. Carmon’s father.
Following the defendant’s arrest, the arresting officers went to the defendant’s home where they were granted entry by his mother. While at the home they retrieved a white polo shirt from the top of the defendant’s bed.
The defendant, in his sole assignment of error, request that we review the record for errors patent. We have reviewed the record and we observe that the minutes do not reflect that the defendant was present for the arraignment and plea.
Any irregularity in the arraignment proceeding is waived if the defendant proceeds to trial without objection. C.Cr.P. Art. 555. State v. Dixon, 471 So.2d 282 (La.App., 4th Cir., 1985).
In this case no objection has ever been lodged to this irregularity and thus the irregularity was waived by the defendant’s actions in proceeding to trial without objection.
Accordingly, this assignment lacks merit.
For the reasons assigned the defendant’s conviction and sentence are affirmed.
AFFIRMED.