517 So.2d 1202 (1987)
STATE of Louisiana
v.
Erroll CAMP.
No. KA 7092.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
*1203 Harry F. Connick, Dist. Atty., Patricia I. Edwards, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
M. Craig Colwart, Orleans Indigent Defender Pro., New Orleans, for defendant/appellant.
Before GULOTTA, C.J., and SCHOTT and BYRNES, JJ.
SCHOTT, Judge.
Defendant was convicted after a jury trial of possession of a firearm by a convicted felon (R.S. 14:95.1) and sentenced to ten years at hard labor, a fine of $5,000.00 or an additional year in the event of default in payment, and $74.00 in court costs or an additional thirty days in the event of default in payment. Defendant pled guilty to possession of a controlled substance (R.S. 40:967) and was originally sentenced to ten years plus $74.00 in court costs or thirty days in default of payment. On the latter charge he was subsequently resentenced to 10 years as an habitual offender.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred in admitting into evidence state exhibits 6, 7, and 8. These exhibits are a part of the record before us and were used to establish that defendant was a convicted felon. S-6 is a copy of a bill of information charging defendant with possession of pentazocine on March 24, 1981 and a copy of a minute entry of June 11, 1981 reflecting his guilty plea to the offense charged and his sentence of three years. S-7 is a copy of a bill charging him with possession of pentazocine on March 18, 1981 and a copy of the same minute entry as the one attached to S-6 also showing a plea of guilty to this charge and a sentence of three years. S-8 is a packet of papers authenticated by the record custodian of the Department of Corrections showing that the defendant pled guilty to armed robbery and started serving a twenty year sentence in October, 1963, he was paroled in 1970, but he was returned as a parole violater in October, 1973 when he was convicted of attempted possession of narcotics, and he was pardoned and released in 1976. Defendnat argues that these exhibits were not properly authenticated.
The record shows that a conference was held outside the presence of the jury during which the trial judge removed from these exhibits pages containing irrelevant material. During the conference, defendant's counsel stated he had no objection to S-6 and S-7 as excised. Parenthetically we observe that no objection would lie to these exhibits since they were duly authenticated by the clerk of the trial court. R.S. 15:457. As to S-8 defense counsel objected to its admission at the conference and appellate counsel continues to object to its admission on the ground that it was not duly authenticated. The assignments is without merit. The packet of documents is certified over the signature of the Custodian of Records of the Department of Corrections, her position and signature are attested to by the Deputy Undersecretary, and the capacities of both of these officials are attested to by the Secretary of State. The packet was admissible under R.S. 15:457.

ASSIGNMENT OF ERROR NO. 2
Defendant was charged with possession of several firearms, having previously been convicted of four different felonies, the three mentioned above, and one for possession of heroin in 1983. This assignment is based on the theory that he was prejudiced by evidence of his having multiple convictions of felonies when the crime essentially involves a single prior conviction. In State v. Sanders, 357 So.2d 492 (La.1978), defendant was charged with possession of a firearm as a twice convicted felon. The court held that the trial court properly permitted introduction of both of defendant's previous convictions. Conceding that evidence of two previous convictions would not be prejudicial under Sanders, defendant argues he was prejudiced by evidence of four and he relies on the language of the dissent of Justice Calogero in the Sanders case to support his position. But defendant does not specify exactly how he was prejudiced by the introduction of the evidence. When the first conviction was proved the essential element *1204 of the offense was proved. Proof of the other three was cumulative at worst in this case.
Defendant also argues that the 1963 conviction could not be used because R.S. 14:95.1 was not yet adopted at that time. This argument was rejected in State v. Williams, 358 So.2d 943 (La.1978).

ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in refusing to give the following jury instruction:
In determining whether the defendant was in constructive possession of the guns. You should bear in mind that his mere presence in the area where the guns were found, or mere association with the person or persons found to be in possession of the gun, is insufficient to constitute constructive possession.
The trial judge did, however, instruct the jury as follows:
As to possession. There are two types of possession. One of them is actual possession or constructive possession. A person in actual possession of an object is when a person is in actual, physical contact with the object, that is, that the person has the object in his hand on on his person. A person is said to be in constructive possession of an object when he exercises dominion or control over the object although he is not in actual physical possession of that object. Either type of possession in this case is sufficient to satisfy the element of possession as required by law in regards to this crime. Whether the possession is actual or constructive, it must be further proven beyond a reasonable doubt that the defendant knowingly and intentionally possessed the firearms and was aware that these object, these guns were in his possession and that he freely and voluntarily possessed them. Tr. 98-99.
The requested charge was not wholly correct because it did not allow for constructive possession to exist if the firearms were subject to the dominion and control of defendant. State v. Silva, 447 So.2d 1242 (La.App. 4th Cir.1984); writ denied, 452 So.2d 173 (La.). Because the requested charge was not wholly correct and was essentially included in the general charge the trial court correctly refused to give the requested charge. C.Cr.P. art. 807; State v. Lowery, 491 So.2d 726 (La.App. 4th Cir. 1986). This assignment has no merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment defendant contends that those parts of his sentences which added jail time in default of the payment of a fine and costs are illegal. The state concedes this point.

ASSIGNMENT OF ERROR NO. 5
When the habitual offender proceedings were conducted defendant had already taken and obtained an order for an appeal. Defendant's argument that the trial court lacked jurisdiction to conduct the resentencing proceedings was rejected in State v. Abbott, 508 So.2d 80 (La.1987).
A review of the record for errors patent revealed that the minute entry for defendant's arraignment did not clearly establish his presence in court. However his attorney waived the reading of the bill of information and entered a plea of not guilty. Since defendant proceeded to trial without objection he waived this irregularity in the arraignment proceeding. C.Cr.P. art. 555; State v. Oliver, 487 So.2d 597 (La.App.4th Cir.1986).
The errors patent review also disclosed that the bill of information was not signed by the district attorney as required by C.Cr.P. art. 384. Defendant has not challenged the fairness of the trial because of this deficiency and we cannot conceive of any disadvantage sustained by him because of it. The deficiency constituted harmless error. State v. White, 404 So.2d 1202 (La.1981).
The sentences are amended to delete extra jail time in default of the payment of the fine and court costs; in all other respects the convictions and sentences are affirmed.
AMENDED AND AFFIRMED.