Dear Mr. Roy:
You have requested an opinion of this office regarding La. R.S.17:416 "Discipline of pupils; suspension; expulsion." Your questions are as follows:
 1. Under Section C(2)(a)(i), what is the required "possession" of a firearm? Must the firearm be in physical possession of the student, that is on his person, or would it be in his possession if it is for example in his locker, in his desk, or in the case we had recently here in Lafayette, in his vehicle parked on the school ground?
It is the opinion of this office that possession of a firearm includes both physical possession and constructive possession if the firearm is subject to the dominion and control of the student.
There is neither guidance in the statute nor jurisprudence on what constitutes possession of a firearm in this context. To arrive at an answer, a review of jurisprudence regarding La. R.S. 14:95.1, "Possession of firearm or carrying concealed weapon by person convicted of certain felonies," is helpful in determining what the Courts considered "possession" of a firearm.
In these cases, the Courts considered possession of a firearms to include not only direct physical possession but also constructive possession. The Court in State V. Silvia. 447 So.2d 1242
(La.App. 4th Cir. 1984), writ denied, 452 So.2d 173, (La. 1984) discussed what constitutes possession and stated as follows: "For purpose of offense of `Possession of a firearm by convicted felon' possession need only be constructive. Constructive possession would exist if the thing is subject to the dominion and control of the accused."
Applying this definition to the statute in question, possession of a firearm not only includes actual physical possession but also includes constructive possession. Possession of a firearm would exist when a firearm is on school property and subject to the dominion and control of the accused. From this definition, if a vehicle is on school grounds and a student has a firearms in the vehicle and the vehicle is subject to the dominion and control of the student, then this would constitute possession of a firearm, The same argument would also hold true in a students locker or anywhere else on the school grounds where the student could exercise dominion and control over the weapon.
 2. If in fact, the student is found to be in possession of a firearm under the provisions of Section C(2)(a)(i), is it mandatory that the superintendent expel the student from school for the prescribed period of time?
It is the opinion of this office that La. R.S. 17:416(C) makes it mandatory that the superintendent must expel the student if the student is found in possession of a firearm on school property.
The key word in this portion of the statute is "shall." The definition of "shall" is found in La. R.S. 1:3 entitled "Words and, phrases, how construed." The statute provides "the word shall is mandatory and the word `may' is permissive." Hence, the superintendent must expel the student for the prescribed length of time.
 3. If the student is suspended as indicated hereinabove for the possession of the firearm, and appeals his case to the school board, may the school board reverse or modify the penalty of expulsion without finding that the underlying facts were not proven. That is, if in fact the school board finds that there was possession of the firearm by the student on school property, may the school board under those circumstances modify or reverse the expulsion?
It is the opinion of this office that if a determination is made that the student was in possession of a firearm on school property, the student must be expelled and the school board may not modify or reverse the expulsion.
La. R.S. 17:416(C)(1) provides:
 Upon the recommendation by a principal for the expulsion of any student as authorized by Subsection B hereof, a hearing shall be conducted by the superintendent or by any other person designated to do so by the superintendent. Upon the conclusion of the hearing, the superintendent, or his designate, shall determine whether such student shall be expelled from the school system or if other correction or disciplinary action shall be taken . . .
La. R.S. 17:416(C)(2)(a)(i) provides:
 Notwithstanding the provisions of R.S. 17:416(B), any student, sixteen years of age or older, found guilty of being in possession of a firearm on school property shall be expelled from school for a minimum period of twelve calendar months.
La. R.S. 17:416(C)(2)(b)(i) provides:
 Any student who is under sixteen years of age and in grades six through twelve and who is found guilty of being in possession of a firearm on school property shall be expelled from school for a minimum period of six calendar months.
La. R.S. 17:416(C)(4) provides:
 The parent or tutor of the pupil may, within five (5) days after the decision is rendered, request the city or parish school board to review the findings of the superintendent or his designate at a time set by the school board; otherwise the decision of the superintendent shall be final. If requested, as herein provided, and after reviewing the findings of the superintendent or his designate, the school board may affirm, modify, or reverse the action previously taken.
La. R.S. 17:416(C)(4) provides that a decision can be reviewed by the city or parish school board upon request of the parent or tutor of the pupil. However, the "decision" spoken of relates to specific parts of La. R.S. 17:416(B) and 17:416(C) where the principal is allowed to actually make a decision regarding the expulsion or suspension of the student. La. R.S.17:416(C)(2)(a)(i) and (2)(b)(i) uses the mandatory language of "shall" meaning the principal or superintendent is not allowed to make a decision. It is the opinion of this office that La. R.S. 17:416(C)(4) is not applicable to the provisions of La. R.S. 17:416(C) that relate to the mandatory expulsion of a student for possession of a firearm. The school board may not affirm, modify or reverse the action previously taken if a student is found to be in possession of a firearm on school property.
If this office may be of any further assistance, please contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT COCO Staff Attorney
RPI/RC/dml