631 So.2d 658 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Silas JOHNSON, Defendant-Appellant.
No. Cr93-711.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*659 Patricia Head Minaldi, and Paul Peter Reggie, for State of La.
Ronald F. Ware, for Silas Johnson.
Before COOKS, SAUNDERS and WOODARD, JJ.
WOODARD, Judge.
The defendant, Silas Johnson, appeals his convictions for attempted second degree murder, La.R.S. 14:30.1, and 14:27, and aggravated burglary, La.R.S. 14:60.

FACTS
Before discussing the facts of the crimes, the relationships of the various parties must be explained. The defendant, Silas Johnson, was married for approximately fifteen years to Grace Johnson. After several separations, the couple divorced on October 28, 1991. Shortly after Grace Johnson's divorce became final, she became engaged to David Corsey, Sr.
Grace Johnson worked on Friday nights and David Corsey often stayed at her trailer in Westlake, Louisiana, to babysit her three children, Dwanna Wilson, Crystal Johnson, and Dewayne Johnson. On the night of Friday, December 13, 1991, David Corsey was sleeping at Grace Johnson's trailer while she was at work.
The defendant worked in Westlake near the location of Grace Johnson's trailer. On Thursday, December 12, 1991, the defendant was visiting his ex-wife at her trailer. The conversation turned into an argument, however, and defendant told his ex-wife that no one was going to "take my kids and my old lady away from me."
The crimes occurred the next day on Friday, December 13, 1991. David Corsey arrived at Grace Johnson's trailer to babysit while she was at work. Shortly before Grace Johnson left for work, David Corsey and Grace Johnson heard the defendant's car. They looked out of the window and saw the defendant's car drive up to the trailer and then leave. Grace Johnson warned David Corsey to be careful because she felt from the defendant's driving that he was probably drunk.
Dwanna Wilson is Grace Johnson's daughter and the defendant's step-daughter. On December 13, 1991, Dwanna slept on the couch in the living room of her mother's trailer. She testified she made certain all the doors were locked before going to bed. Dwanna fell asleep around 12:30 a.m., but woke up later when she heard someone screaming in the front bedroom. She ran into the bedroom, turned on the light and saw the defendant leaning over David Corsey. Dwanna pulled the defendant off of David Corsey, and shoved the defendant out of the trailer. He fell on the front steps, then got up and ran toward his car.
Dwanna checked on David Corsey, and then ran to the landlord's trailer to call the police and an ambulance. While she was running to the landlord's trailer, the defendant was also running toward his car, and he turned and looked at Dwanna. Dwanna then saw the defendant get into a two-door gray car and drive away.
David Corsey testified he went to sleep around 10:30 p.m. and awoke in pain with the defendant stabbing him. David Corsey yelled and Dwanna came into the bedroom and turned on the light. He testified she physically pulled the defendant off of him. David Corsey knew who the defendant was and was able to see him after Dwanna turned on the bedroom light. The victim testified that even after Dwanna turned on the bedroom light, the defendant stabbed him in the stomach.
David Corsey was stabbed fifteen (15) times: once in the stomach, four times in the *660 right chest, once in the back, four times in the right forearm, and five times in the right upper arm. At the emergency room before surgery, Mr. Corsey identified the defendant as his attacker.
A twelve-person jury found defendant guilty of attempted second degree murder and aggravated burglary. Defendant was sentenced to concurrent sentences of fifty (50) years at hard labor for the attempted second degree murder, and thirty (30) years at hard labor for the aggravated burglary.
On appeal, the defendant has argued two assignments of error regarding introduction of improper impeachment evidence and excessive sentence. The defendant explicitly abandoned the assignment of error concerning sufficiency of the evidence; therefore, this issue will not be considered on appeal. Uniform RulesCourts of Appeal, Rule 2-12.4.

ERRORS PATENT
La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.Code Crim.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922, so prescription is not yet running. Apparently, the purpose of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance; thus, the district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the renditions of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Cox, 604 So.2d 189 (La.App. 2 Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2 Cir.1992).

ASSIGNMENT OF ERROR NO. 1:
By his first assignment of error, the defendant claims the trial court erred in admitting into evidence the certified copies of six bills of information filed in Allen Parish accusing the defendant of criminal conduct.
The State sought to introduce these bills of information as impeachment evidence. La. Code Evid. art. 609.1 provides the guidelines for impeachment of a witness by proof of prior convictions, as follows:
A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When the witness has denied the conviction or denied recollection thereof;
(2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
The defendant testified and the State then cross-examined him about his prior convictions. When the defendant was asked about a simple burglary conviction, he said he had one conviction. At that point, the state showed the defendant a certified copy of the court minutes of September 21, 1973, which showed the defendant entered guilty pleas to five counts of simple burglary. The defendant was also shown certified copies of six bills of information charging the defendant with six separate simple burglaries. When the state sought to introduce both the court minutes and the six bills of information, *661 counsel for the defendant entered the following objection:
Mr. WARE: Your Honor, I think the court minutes reflecting convictions are admissible, but the bills themselves are not admissible because the bill doesn'tthey should but they don't reflect the conviction or a disposition. There are certified copies of the bills filed. She has another document which shows convictions.
The trial judge sustained the defendant's objection finding that the court minutes were admissible under La.Code Evid. art. 609.1(C), but the bills of information were not admissible because the probative value was outweighed by the possible prejudice to the defendant. The state objected to the trial court's ruling and gave notice of its intent to seek a writ of review. This issue comprised the state's emergency writ application previously considered by this court. State v. Johnson, No. K92-1312 (November 5, 1992). This court reversed the ruling of the trial court and permitted the introduction of the bills of information.
A prior ruling on a supervisory writ does not bar reconsideration of the issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. State v. Fontenot, 550 So.2d 179 (La.1989); State v. Decuir, 599 So.2d 358 (La.App. 3 Cir.), writ denied, 605 So.2d 1095 (La.1992).
In the emergency writ application filed by the state, the cases of State v. Miller, 558 So.2d 1349, 1352 (La.App. 4 Cir.), affirmed as amended, 571 So.2d 603 (La.1990), and State v. Woolridge, 555 So.2d 1385 (La.App. 4 Cir. 1989), writ denied, 561 So.2d 113 (La.1990), were cited for the proposition that it was proper to introduce certified copies if a defendant denies a prior conviction. A review of the cited cases of Miller, Woolridge, and State v. Neslo, 433 So.2d 73 (La.1983), shows that the courts never said more than "certified copies of defendant's prior conviction," and thus never specified if bills of information along with court minutes were admissible.
In State v. Camp, 517 So.2d 1202 (La.App. 4 Cir.1987), the state sought to introduce both the bills of information and court minutes for a defendant's two prior felony convictions as part of its burden of establishing the defendant was guilty of possession of a firearm by a convicted felon. The trial court "removed from these exhibits pages containing irrelevant material," but the reported opinion does not state if the bills of information were the irrelevant material. Id., at 1204. The Camp decision did rule that introducing evidence of the defendant's four prior felony convictions, rather than just one, was cumulative at worst. Id., at 1204.
When a witness testifying at trial denies a prior conviction or does not recall it, the state may introduce evidence of other prior convictions. A prior conviction may be proved by introduction of certified copies of the court minute entries or transcripts. State v. Alexander, 487 So.2d 468, 471-472 (La.App. 3 Cir.1986).
Defendant argues on appeal that the introduction into evidence of one of the bills of information was the admission of other crimes evidence, since one of the six bills of information did not result in a guilty plea. The bill of information for docket number Cr-1201-73 reveals that defendant pled not guilty to the charge of simple burglary. Therefore, the introduction of this bill of information was the introduction of evidence of other crimes, and not of a prior conviction. Furthermore, our review of the record reveals a page of court minutes included in the presentence investigation report. These court minutes are for October 12, 1973, and they reflect that the state "nolle prossed" five of the charges for simple burglary to which the defendant, on September 21, 1973, had pled guilty. It is not clear exactly how these prior guilty pleas were withdrawn or voided; but in any event, the defendant was ultimately convicted of only one count of simple burglary. Defendant was telling the truth when he testified to this at trial.
Therefore, it appears that, with the exception of one count of simple burglary in Cr-1192-73, all other evidence concerning the other charges was not evidence of prior convictions, but was other crimes evidence.
*662 Generally, evidence of extraneous offenses is inadmissible due to the prejudicial effect upon the accused's constitutional presumption of innocence. State v. Vernon, 385 So.2d 200 (La.1980); State v. Prieur, 277 So.2d 126 (La.1973). The supreme court, in State v. Brown, 428 So.2d 438, 443 (La.1983), noted as to other crimes evidence that, "... the effect on a jury of inadmissible other crimes evidence cannot be determined, and that such evidence is per se prejudicial and a substantial violation of a statutory right."
The reversible per se language arose from a case in which the defendant objected and moved for a mistrial as provided in La. Code Crim.P. art. 770. Article 770 mandates that a trial court declare a mistrial whenever inadmissible other crimes evidence is mentioned in the presence of a jury by certain court officials. Therefore, in situations in which a defendant moves for a mistrial as provided by Article 770(2), the trial court's failure to grant a mistrial is reversible per se. Later cases have extended this rule to situations in which counsel for the defendant simply objects, but does not move for a mistrial. See, State v. Hamilton, 356 So.2d 1360, 1363 (La.1978) and State v. Duke, 362 So.2d 559, 561 (La.1978).
We conclude that the admission of the bills of information which constituted inadmissible other crimes evidence was prejudicial to the substantial rights of the defendant. Defendant's conviction is hereby reversed and the case is remanded for a new trial.
Defendant's assignment of error alleging an excessive sentence is now moot.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are reversed and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.