Dear Mr. Miller:
Your request for an opinion concerning antique guns has been forwarded to me for research and reply. You asked:
 Considering the definition of "firearm" found in 18 U.S.C.A. 921(a)(3), (16) and L.S.A. R.S. 40:1781 (3), is a black powder weapon/antique weapon considered a firearm for prosecution purposes under 14:95.1?
In response to your question, even though La. R.S.40:1781
excludes black powder weapons from the definition of firearms, that statute states that this definition is only "for the purpose of this part," which deals with the registration of firearms and not for the purpose of prosecution under La. R.S.14:95.1.
Antique firearms are also excluded from the definition of firearms in 18 U.S.C.A. § 921. However, the federal law under 18 U.S.C.A. 927 explains that the definitions or regulations found in the chapter are not intended to preempt state law unless there is a direct conflict where the two cannot be reconciled. The federal government does not apply this definition for purposes of prosecution under 18 U.S.C.A. 1202
(a)(1), which is comparable to La. R.S. 14:95.1, as interpreted in U.S. v. Laroche, 723 F.2d 1541 (1984) which held that it was not improper to charge and prosecute convicted felon for possession of an antique firearm. In that case, the court found that an antique firearm fulfilled the element of possession of a firearm unless disproved by the defense. The aforereferenced federal statutes do not prevent the State from classifying a black powder antique weapon as a firearm for the purposes of La. R.S. 14:95.1 as can be found in State v. Rogers, 494 So.2d 1251
(La.App. 2d Cir. 1986), which states:
 LRS 14:95.1 does not define the term "firearm" or distinguish an "antique" firearm. The statute does not require that the firearm be loaded at the time of possession. State v, Silva, 447 So.2d 1242
(La.App. 4th Cir. 1984), writ denied. We cannot conclude that the statute requires that the firearm be operable at the time it is possessed.
. . . . .
 We hold that LRS 14:95.1 does not exclude antique firearms and does not require that the firearm possessed by the defendant be operable.
See also State v. Hill, 562 So.2d 12 (La.App. 5th Cir. 1990), which dealt with a like issue.
In conclusion, it is the opinion of this office that an antique black powder weapon is considered a firearm for the purposes of prosecution under La. R.S. 14:95.1. If our office can be of further assistance please do not hesitate to contact us.
With kindest regards, I remain
Very truly yours
 RICHARD P. IEYOUB Attorney General
BY: J. CLAYTON CULOTTA Assistant Attorney General RPI/JCC:ckj