806 So.2d 53 (2001)
STATE of Louisiana
v.
Ronald BARTHE.
No. 2000-KA-2404.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 2001.
*54 Harry F. Connick, District Attorney, Juliet Clark, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
*55 Frank J. Larré, Larré & Associates, Metairie, LA, and Samuel Beardsley, Jr., Beardsley Law Firm, Marerro, LA, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY.
STEVEN R. PLOTKIN, Judge.
The issues in this appeal are whether the trial court erred in denying the defendant's motion to quash the statement and if the State produced insufficient evidence to sustain the defendant's convictions for possession of cocaine and attempted possession of a firearm by a convicted felon.

PROCEDURAL HISTORY
Defendant, Ronald Barthe, Jr., was charged by bill of information with possession of cocaine with the intent to distribute in violation of La. R.S. 40:967 and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. The defendant pled not guilty to both charges at his arraignment. The trial court conducted a preliminary and suppression hearing, found probable cause, and denied defendant's motion to suppress the statement. Barthe waived his right to a jury trial and proceeded with a bench trial. The defendant was found guilty of possession of cocaine and attempted possession of a firearm by a convicted felon. The State filed a multiple bill of information alleging the defendant to be a second offender. The defendant admitted to the multiple bill and waived all legal delays. The trial court adjudicated the defendant a second offender on the conviction for possession of cocaine and sentenced the defendant to five years at hard labor without benefit of probation, parole or suspension of sentence on the firearms charge. The defendant was also fined fifteen hundred dollars, of which seven hundred and thirty dollars was suspended. The sentences were ordered to be served concurrently.

STATEMENT OF FACTS
At approximately 2:15 p.m. on April 11, 1997, Detective Clarence Gilliard set up a surveillance of 2454 Benefit Street. Later that afternoon, the officer observed a black male, later identified as the defendant, arrive at the residence in a green Nissan Maxima. The defendant parked the vehicle and entered the residence. A short time later, another black male, John Clark, arrived at the residence in a blue Chevy Nova. Clark exited the vehicle and knocked on the door. The defendant answered door and engaged in a conversation with Clark. Thereafter, the defendant and Clark left the residence in the green Nissan Maxima.
Sergeant Imbraguglio stopped the defendant's vehicle at a service station on Franklin Avenue based on the surveillance of defendant's house and the observation of a controlled purchase by the confidential informant. The officer informed Barthe that he had a search warrant for his residence. Sgt. Imbraguglio took Barthe and John Clark to the defendant's residence. Detective Gilliard was informed by Sgt. Imbraguglio that he had stopped the defendant and was returning to the residence. Detective Gilliard left his surveillance area and went to the residence to assist with the execution of the search warrant.
When they entered the residence, Sgt. Imbraguglio advised the defendant of his rights. Defendant's parents and John Clark were also in the residence. The officer stated that he searched the defendant's residence at 2454 Benefit Street pursuant to a search warrant. The warrant was executed at approximately 4:00 p.m. on April 11, 1997. Before beginning the search, Sgt. Imbraguglio asked the defendant if he had anything in the residence *56 that he wished to declare. The defendant advised the officer that he had cocaine and weapons in the residence. Detective Lohman recovered thirty-one pieces of crack cocaine in the front bedroom of the house. The officers testified that the defendant was not suffering from any physical or mental infirmities at the time of this statement. Sgt. Imbraguglio found two loaded weapons in the rear bedroom, a Smith & Wesson .357 magnum and a Smith & Wesson nine-millimeter. The officers recovered a scale, a glass tube and another weapon in the front bedroom.
Sgt. Imbraguglio and Detective Lohman went to the rear of the house. Detective Gilliard stayed in the front of the house with the defendant and his parents. Detective Gilliard searched the front bedroom and found seven hundred and seventy dollars in United States currency and twenty dollars in food stamps. During the search of the residence, the defendant advised Sgt. Imbraguglio that he had swallowed some crack cocaine prior to being stopped and was not feeling well. Detective Rousseve took the defendant to Charity Hospital.
Ronald Barthe, Sr., the defendant's father, testified that the drugs and weapons found in the house belonged to him. He stated that he was an alcoholic and a drug user. Ronald Barthe, Sr. stated that the police officers first came to his house at approximately 2:00 p.m. April 11, 1997. The officers asked Mr. Barthe if "Ricky" lived in the residence. Mr. Barthe told the officers that no one by the name of Ricky lived in the residence. At that time, the officers allegedly forced their way into the house and conducted a preliminary search of the house. Detective Gilliard denied entering the residence at that point in time. The officers allegedly left and did not say anything else. The officers returned around 4:00 p.m. with the defendant. Mr. Barthe stated that he and his wife had the front bedroom. They lived in the house with their nine-year-old daughter. Barthe, Sr. stated that the back room of the house was not a bedroom. He testified that there was no furniture in the back room. The closets in the back room were full of clothes. Barthe, Sr. stated that he told the officers that the weapons and the cocaine belonged to him.

ERRORS PATENT
A review of the record for errors patent reveal none.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant contends that the trial court erred when it denied his motion to suppress the statement. The statement which the defendant sought to suppress concerned his acknowledgement to the police officers that the cocaine and weapons found in the house belonged to him. The defendant contends that the statement was not voluntary because he was intoxicated due to the cocaine he had ingested immediately prior to being stopped by the officers.
In State v. Green, 613 So.2d 263, 267 (La.App. 4 Cir.1992), this Court stated:
Before a confession can be introduced into evidence, the State has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; State v. Mitchell, 437 So.2d 264 (La.1983); State v. Brown, 522 So.2d 1110 (La.App. 1st Cir.1988), writ den. 548 So.2d 1222 (La.1989).
Where the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of the confession, the confession will be rendered inadmissible only when the intoxication *57 is of such a degree as to negate the defendant's comprehension and to render him unconscious of the consequences of what he is saying. State v. Meredith, 400 So.2d 580 (La.1981); State v. Latiolais, 563 So.2d 469 (La. App. 1st Cir.1990). Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact, and the trial court's conclusions will not be disturbed unless unsupported by the evidence. State v. Rankin, 357 So.2d 803 (La.1978).
While the defendant suggests that he was intoxicated at the time he admitted that the guns and cocaine in the house belonged to him, there is no evidence to support his allegation. Sgt. Imbraguglio and Detective Gilliard testified at trial that the defendant did not, at any time, appear to be suffering from any mental or physical infirmity. The officers acknowledged that the defendant informed them during the search that he was not feeling well. The defendant told the officers that he had ingested cocaine immediately prior to the officers stopping him. Apparently, he had ingested the cocaine so that it would not be found on his person. Less than fifteen minutes elapsed between the defendant's ingestion of the cocaine and the statement given to the officers. The defendant's statement concerning his ownership of the weapons and drugs occurred prior to the defendant informing the officers that he was not feeling well.
When they arrived at the defendant's residence, Sgt. Imbraguglio stated that he informed the defendant of his rights and asked if the defendant wished to declare any contraband in the house. The defendant then told the officers that the weapons and cocaine belonged to him. The defendant told the officers where the narcotics and weapons were located. The officers stated that the defendant was coherent and did not appear intoxicated. Thus, the statement was properly admitted into evidence by the trial court.

ASSIGNMENT OF ERROR NUMBER 2
The defendant also argues that the State produced insufficient evidence to sustain his convictions for possession of cocaine and attempted possession of firearms by a convicted felon. The defendant argues on appeal that the State failed to prove that he possessed the cocaine and weapons found in his residence.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
*58 To support a conviction for possession of narcotics, the State must prove that a defendant knowingly possessed narcotics. State v. Chambers, 563 So.2d 579, 580 (La.App. 4 Cir.1990). The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction. See State v. Trahan, 425 So.2d 1222, 1226 (La.1983); see also State v. Cann, 319 So.2d 396, 397 (La. 1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356 (La. App. 4 Cir.1991).
A person not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion and control. State v. Jackson, 557 So.2d 1034 (La.App. 4 Cir. 1990). A person may be deemed to be in joint possession of a drug which is in the physical possession of a companion if he willfully and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). Determination of whether a defendant had constructive possession depends on the circumstances of each case. Cann. Among the factors to consider in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are whether the defendant knew that illegal drugs were present in the area, the defendant's relationship with the person in actual possession of the drugs, whether there is evidence of recent drug use, the defendant's proximity to the drugs, and any evidence that the area is frequented by drug users. State v. Pollard, 93-1960 (La.App. 4 Cir. 7/14/94), 640 So.2d 882.
In the present case, the cocaine was found in the closet in the first bedroom of the defendant's residence. The defendant admitted to the officers that the cocaine belonged to him and told the officers where the cocaine was located. The officers found thirty-one rocks of cocaine where the defendant indicated it was located, as well as a scale and a glass tube. In addition, the officers found defendant's photographic identification card indicating that he lived in the residence. The evidence presented by the State was sufficient to conclude that the defendant had dominion and control over the cocaine, and therefore, had possession of the cocaine.
The defendant was also convicted of attempted possession of a firearm by a convicted felon. The elements of the crime of possession of a firearm by a convicted felon are: (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269, 271 (La.1983); State v. Jones, 544 So.2d 1294, 1295 (La. App. 4 Cir.1989). La. R.S. 14:27 defines the crime of attempt as occurring when an individual, "having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object ...; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."
Constructive possession, as opposed to actual possession, is sufficient to satisfy the possession element of La. R.S. 14:95.1. State v. Day, 410 So.2d 741 (La. 1982); State v. Silva, 447 So.2d 1242 (La. App. 4 Cir.1984). Constructive possession exists if the thing is subject to the dominion and control of the accused. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Silva, 447 So.2d at 1243. A defendant's dominion and control over a weapon is sufficient to constitute constructive possession even if it is only temporary in nature *59 and even if the control is shared. State v. Washington, 605 So.2d 720, 722 (La.App. 2 Cir.1992).
As stated above, the defendant admitted to the officers that the weapons belonged to him. The weapons were found in the closet of the rear bedroom of the residence. The defendant and State stipulated that the defendant had previously been convicted of illegal use of weapons on June 8, 1995. Accordingly, there was sufficient evidence to sustain the defendant's conviction for attempted possession of firearms by a convicted felon.

CONCLUSION
For the foregoing reasons, we find that the trial court did not err in denying defendant's motion to quash the statement. The State produced sufficient evidence to sustain Barthe's convictions for possession of cocaine and attempted possession of a firearm by a convicted felon.
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.
MURRAY, J., concurs.